ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :
                                   :
        - v. -                     :
                                   :
AVTANDIL KHURTSIDZE                :
   a/k/a "The Kickboxer,"          :
                                   :
            Defendant.             :
                                   X
- - - - - - - - - - - - - - - - - -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 6 2017

SEALED INDICTMENT

S1 17 Cr.

17 CRIM 350

## COUNT ONE

### (Racketeering Conspiracy)

The Grand Jury charges:

### THE SHULAYA ENTERPRISE

1.    At all times relevant to this Indictment, AVTANDIL
KHURTSIDZE, a/k/a "The Kickboxer," the defendant, and others known
and unknown, were members and associates of the "Shulaya Enterprise."
The Shulaya Enterprise was an organized criminal group operating
under the direction and protection of Razhden Shulaya, a "vor v
zakonei" or "vor," which are Russian phrases translated roughly as
"Thief-in-Law" or "Thief," and which refer to an order of elite
criminals from the former Soviet Union who receive tribute from other
criminals, offer protection, and use their recognized status as "vor"
to adjudicate disputes among lower-level criminals.    As a vor,
Shulaya had substantial influence in the criminal underworld and
offered assistance to and protection of the members and associates

of the Shulaya Enterprise. Those members and associates, and Shulaya himself, engaged in widespread criminal activities, including acts of violence, extortion, the operation of illegal gambling businesses, fraud on various casinos, identity theft, credit card frauds, and trafficking in large quantities of stolen goods.

2. The Shulaya Enterprise, including its leadership, membership, and associates, constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity (the "Enterprise"). This Enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Shulaya Enterprise was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

## THE SHULAYA ENTERPRISE LEADERSHIP

3. The Shulaya Enterprise operated through groups of individuals, often with overlapping members or associates, dedicated to particular criminal tasks. While many of these crews were based in New York City, the Shulaya Enterprise had operations in various locations throughout the United States (including in New Jersey, Pennsylvania, Florida, and Nevada) and abroad. Most members and associates of the Shulaya Enterprise were born in the former Soviet

2

Union and many maintained substantial ties to Georgia, the Ukraine, and the Russian Federation, including regular travel to those countries, communication with associates in those countries, and the transfer of criminal proceeds to individuals in those countries.

4.      The Shulaya Enterprise was led principally by two individuals, Razhden Shulaya and Zurab Dzhanashvili who each coordinated and directed lower-level members and associates of the Shulaya Enterprise.

5.      Razhden Shulaya was at the center of the Shulaya Enterprise, and, as a *vor*, was entitled to tribute payments and other benefits provided by his loyal subordinates within or associated with the Shulaya Enterprise.    Shulaya oversaw the following criminal activities, among others:   illegal gambling activities; efforts to extort those who owed debts to the Shulaya Enterprise's gambling operation and others; trafficking in contraband cigarettes and stolen merchandise; efforts to defraud casinos through the use of electronic devices and software designed to predict the behavior of particular models of electronic "slot" machines; access device fraud and identity theft; narcotics trafficking; efforts to rob wealthy persons; and the use of violence to maintain control over his criminal operation.

6.      Zurab Dzhanashvili was a principal lieutenant within the Shulaya Enterprise, who supported and coordinated various criminal activities involving numerous members and associates of the

3

Shulaya Enterprise. In his role as a lieutenant within the Shulaya Enterprise, Dzhanashvili coordinated the following criminal activities, among others: illegal gambling activities; efforts to extort those who owed debts to the Shulaya Enterprise's gambling operation and others; trafficking in contraband cigarettes and stolen merchandise; access device fraud and identity theft; and the use of a female member of the Shulaya Enterprise to lure victims into circumstances in which Dzhanashvili and others would rob those victims.

## PURPOSES OF THE ENTERPRISE

7. The purposes of the Shulaya Enterprise included the following:

a. Enriching the members and associates of the Shulaya Enterprise through, among other things, (i) the operation of illegal gambling businesses; (ii) the extortionate control of businesses, persons, and property through threats of physical and economic harm; (iii) robbery; (iv) the receipt, sale, and transportation of contraband cigarettes; (v) the receipt, sale, and transportation of stolen goods; (vi) the use of counterfeit credit cards and stolen personal identifying information; (vii) the use of electronic devices and software designed to defraud casinos; and (viii) narcotics trafficking.

b. Preserving and protecting the power and financial profits of the Shulaya Enterprise through intimidation,

4

violence, and threats of physical and economic harm;

c.      Promoting and enhancing the Shulaya Enterprise
and the activities of its members and associates; and

d.      Keeping victims and citizens in fear of the
Shulaya Enterprise and associates by:  (i) identifying the Shulaya
Enterprise, its members, and its associates with Razhden Shulaya
the  defendant,  and  his  status  as  a  *vor*;  (ii)  causing  and
threatening to cause economic harm; and (iii) committing and
threatening to commit physical violence.

### MEANS AND METHODS OF THE ENTERPRISE

8.      Among the means and methods employed by the members
and associates in conducting and participating in the affairs of
the Shulaya Enterprise were the following:

a.      To protect and expand the Shulaya Enterprise's
business and criminal operations, members and associates of the
Shulaya Enterprise conspired to threaten, assault, and intimidate
persons who engaged in activity that jeopardized (i) the power and
criminal activities of the Shulaya Enterprise; (ii) the power of
leaders of the Shulaya Enterprise; and (iii) the flow of criminal
proceeds to the Shulaya Enterprise.

b.      Members  and  associates  of  the  Shulaya
Enterprise generated income for the Enterprise through, among
other things (i) the operation of illegal gambling businesses;
(ii) the extortionate control of businesses, persons, and property

5

through threats of physical and economic harm; (iii) robbery; (iv) the receipt, sale, and transportation of contraband cigarettes; (v) the receipt, sale, and transportation of stolen goods; (vi) the use of counterfeit credit cards and stolen personal identifying information; (vii) the use of electronic devices and software designed to defraud casinos; and (viii) narcotics trafficking.

c.   Members and associates of the Enterprise at times engaged in criminal conduct and coordinated their criminal activities with leaders, members, and associates of other criminal associations.

d.   Members   and   associates   of   the   Shulaya Enterprise used various techniques to avoid law enforcement scrutiny of the Shulaya Enterprise's criminal activities.  Members and associates of the Shulaya Enterprise typically used coded language to make arrangements for meetings and to refer to other members and associates of the Shulaya Enterprise, and took other steps to frustrate law enforcement's efforts to overhear their discussions.   Members and associates of the Shulaya Enterprise also  engaged  in  other  evasive  conduct,  such  as  the  use  of particular cellular telephones for the discussion of particular criminal   activities,   the   use   of   encrypted   communications applications and devices when discussing criminal activities in an effort to thwart potential law enforcement eavesdropping, and the omission of names of those about whom they were speaking.   Members

6

and associates of the Shulaya Enterprise also attempted to thwart potential law enforcement eavesdropping by engaging in "in-person" meetings to discuss criminal activities and by stating that certain conversations should be conducted in person, and not by telephone.

## THE RACKETEERING CONSPIRACY

9.     From at least in or about 2014, up to and including the date of the indictment, in the Southern District of New York and elsewhere, AVTANDIL KHURTSIDZE, a/k/a "The Kickboxer," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described above, namely, the Shulaya Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Shulaya Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

a.     Acts and threats involving extortion, in violation of New York State Penal Law, Sections 155.40, 105.10, and 110.00;

b.     Acts involving robbery, in violation of New

7

Jersey Code of Criminal Justice, Sections 2C:15-1, 2C:5-1, and 2C:5-2.

        c.    Acts indictable under Title 18, United States Code, Section 1951 (relating to extortion);

        d.    Acts involving gambling, in violation of New York State Penal Law, Section 225.10;

        e.    Acts indictable under Title 18, United States Code, Section 1955 (relating to the prohibition of illegal gambling businesses);

        f.    Acts indictable under Title 18, United States Code, Section 1343 (wire fraud);

        g.    Acts indictable under Title 18, United States Code, Section 2314 (interstate transportation of stolen property);

        h.    Acts indictable under Title 18, United States Code, Section 2315 (interstate receipt and possession of stolen property);

        i.    Acts indictable under Title 18, United States Code, Section 2342 (shipping, transporting, receiving, possessing, selling, distributing, and purchasing contraband cigarettes);

        j.    Acts indictable under Title 18, United States Code, Section 1028 (fraud and related activity in connection with identification documents);

        k.    Acts indictable under Title 18, United States Code, Section 1029 (access device fraud); and

c.      On or about September 1, 2016, in the vicinity of 59th Street, Brooklyn, New York, AVTANDIL KHURTSIDZE, a/k/a "The Kickboxer," the defendant, acting at Shulaya's direction, received a "Pelican Pete" electronic "slot" machine from a confidential source ("CS-2") and transported that machine to an apartment belonging to another individual.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

### (Wire Fraud Conspiracy)

The Grand Jury further charges:

12.     From at least in or about September 2016, up to and including in or about May 2017, in the Southern District of New York and elsewhere, AVTANDIL KHURTSIDZE, a/k/a "The Kickboxer," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

13.     It was a part and an object of the conspiracy that AVTANDIL KHURTSIDZE, a/k/a "The Kickboxer," the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, would and did transmit and cause to be transmitted by means of wire, radio,

10

and television communication in interstate and foreign commerce,
writings, signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, in violation of Title 18,
United States Code, Section 1343, to wit, a scheme to defraud
casinos through the use of electronic devices and software designed
to predict the behavior of particular models of electronic "slot"
machines, thereby removing the element of chance from play of those
machines.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATIONS AND SUBSTITUTE ASSET PROVISION

### FORFEITURE ALLEGATION AS TO COUNT ONE

14.  As a result of committing the offense alleged in
Count One of this Indictment, AVTANDIL KHURTSIDZE, a/k/a "The
Kickboxer," the defendant, shall forfeit to the United States,
pursuant to Title 18, United States Code, Section 1963,

a.  any interest acquired or maintained in
violation of Title 18, United States Code, Section 1962, as charged
in Count One;

b.  any interest in, security of, claim against,
or property or contractual right of any kind affording a source of
influence over, any enterprise established, operated, controlled,
conducted, or participated in the conduct in violation of Title
18, United States Code, Section 1962, as charged in Count One; and

11

c.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, as charged in Count One.

## FORFEITURE ALLEGATION AS TO COUNT TWO

15.    As a result of committing the offense charged in Count Two of this Indictment, AVTANDIL KHURTSIDZE, a/k/a "The Kickboxer," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of this Indictment.

## Substitute Asset Provision

16.    If any of the above described forfeitable property, as a result of any act or omission of the defendant:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third person;

c.    Has been placed beyond the jurisdiction of the Court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which

12

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1963, and Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.)

FOREPERSON

JOON H. KIM  ᴬˢ
Acting United States Attorney

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

AVTANDIL KHURTSIDZE, a/k/a "The
Kickboxer,"

Defendant.

**SEALED INDICTMENT**

S1 17 Cr.

(18 U.S.C. §§ 1962 & 1349.)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.

6/6/17 - Filed Superseding Sealed Indictment
Dr. d/w issued