UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | Hon. Robert B. Kugler |
| Plaintiff(s), | : | Criminal No. 12-794(RBK) |
| v. | : | |
| SEZAYIR BULAMUN, | : | |
| Defendant(s). | : | |

# **O R D E R**

On December 5, 2012, The United States Grand Jury indicted defendant Sezayir Bulamun for conspiracy to distribute five or more kilograms of cocaine. He was arrested on October 22, 2015, and his trial is scheduled to begin on May 1, 2017.

The government has brought an ex parte sealed application seeking a ruling on whether it must disclose to defendant certain letters regarding a law enforcement officer who is expected to testify at trial. The court will not disclose the name of the witness at this time. See U.S. v. Massimino, 641 Fed. Appx. 153, n.5 (3d Cir. 2016).

The letter of October 13, 2016, can best be described as a summary of disciplinary actions taken against this witness by the agency which employs him. There were three. In February, 1998, there was a letter of censure. In May, 2009, there was a seven (7) day suspension. And in January, 2014, there was a five (5) day suspension. None involve crimes. All involved violation of agency rules. Nor is there any indication the witness lied about these incidents. In fact, the January, 2014, issue which led to the suspension was self-reported.

Relying on F.R.E. 608(b) and 403, the government contends it need not turn over these records because defense counsel is precluded from questioning the witness about them. They are correct.

Having reviewed <u>in camera</u> the materials submitted, the court finds the information is not probative of the witness' "character for truthfulness or untruthfulness." F.R.E. 608(b). As noted, there is no indication the witness was untruthful. The incidents were completely unrelated to the issues that are raised in this prosecution and cross-examination on these issues would not reveal any additional bias or motive of the witness. <u>U.S. v. Massimino</u>, <u>supra</u> at 166.

Moreover the little relevance of these disciplinary actions is significantly outweighed by unfair prejudice and confusion of the issues for the jury. F.R.E. 403. Accordingly, the government's application is granted, and the government need not disclose the information to the defendant. Defendant shall not raise the disciplinary infractions on cross-examination.

DATED: April 25, 2017

                                                  s/Robert B. Kugler\_\_\_\_\_

                                                  ROBERT B. KUGLER

                                                  United States District Judge