USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 7, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                            :

UNITED STATES OF AMERICA               :

                                     :             17-cr-0350 (KBF)
    - v -                           :

                                     :            __MEMORANDUM__
AVTANDIL KHURTSIDZE,             :     __DECISION & ORDER__

                                     :

                    Defendant.      :

                                     :

----------------------------------------------------------------------X

KATHERINE B. FORREST, United States District Judge:

Avtandil Khurtsidze and Razhden Shulaya have been indicted for alleged participation in racketeering conspiracy (the "Shulaya Enterprise") under 18 U.S.C. § 1962 and wire fraud conspiracy under 18 U.S.C. § 1349. (ECF No. 685 ("S9 Indictment").) The same indictment charges Shulaya (and not Khurtsidze) with conspiracy to transport and sell stolen goods under 18 U.S.C. § 371, conspiracy to transport and sell contraband cigarettes under 18 U.S.C. § 371, and identity fraud conspiracy under 18 U.S.C. § 1028A. Thirty-one defendants have been indicted as part of the Shulaya Enterprise, though they have been split into six trial groups. (See ECF No. 593.) Group A, which has at various times included four to six defendants (see, e.g., ECF Nos. 242, 593), now includes only Shulaya and Khurtsidze. Trial for these two defendants is set to commence on June 4, 2018.

Before the Court is Khurtsidze's motion to sever his trial from Shulaya's. He argues that a joint trial presents spillover prejudice and risks prejudice from

Shulaya's actions during trial. For the reasons set forth below, Khurtsidze's motion is DENIED.[1]

## I. BACKGROUND

The S9 Indictment in this matter charges that the Shulaya Enterprise was an organized criminal group under Shulaya's direction and protection. (S9 Indictment at 1.) Shulaya is allegedly a "vor v zakone" or "vor," which translates roughly as "Thief-in-Law" or "Thief." (Id.) As a vor, Shulaya is alleged to have had substantial influence over a large criminal network and engaged in acts of violence, extortion, the operation of illegal gambling businesses, fraud on various casinos, identity theft, credit card fraud, and trafficking in large quantities of stolen goods.

Khurtsidze is implicated in a number of the allegations, which indicate that he and Shulaya acted in concert on many occasions, often with Khurtsidze acting on Shulaya's behalf. For example, he is accused of committing various assaults and demonstrations of power with Shulaya. In or about February 2016, he allegedly assaulted a co-conspirator ("CC-1") with Shulaya and others for failing to remit sufficient tribute payments to Shulaya. (Id. at 10.) On July 25, 2016, he and Shulaya allegedly assaulted a confidential source who had worked as a dealer at the poker house. (Id. at 10-11.) Moreover, Khurtsidze was present on a number of occasions during which Shulaya was allegedly violent toward co-conspirators and others, such as an assault in 2015 to which Shulaya allegedly summoned a

---

[1] The Court notes that while severance motions were due to be filed not later than April 2, 2018, it entertains this motion nonetheless. Khurtsidze argues that the Government's enterprise letter presented a "significant change in the procedural posture of the case." (ECF No. 699 ("Mem. Supp.") at 1.) The motion's untimeliness in no way affects the Court's decision herein.

confidential source so that he "could witness Shulaya's power firsthand." (ECF No. 689 ("Enterprise Letter") at 4.)

The Government further alleges that, during an intercepted call on or about January 18, 2017, Shulaya and Khurtsidze discussed whether to find and confront a co-conspirator over an unspecified dispute. (Id. at 6.) They discuss "fucking" the co-conspirator, an alleged reference to "physical, and perhaps sexual, violence against her." (Id. at 6.) During that call, Khurtsidze "confirmed that he was ready to commit acts of violence at Shulaya's direction." (Id.)

Furthermore, the Government claims that Khurtsidze participated in overt acts to enhance or secure the Shulaya Enterprise's revenue streams. He allegedly met with Shulaya at the poker house on July 25, 2016 to tally approximately $70,000 in gambling proceeds from a poker game that allegedly took place three days earlier. (S9 Indictment at 11.) He is accused of receiving a "Pelican Pete" electronic "slot" machine from a confidential source on September 1, 2016 and then transporting it to a co-conspirator at the direction of Shulaya. (Id.) On January 25, 2017, Khurtsidze was allegedly with Shulaya to demonstrate the operation of the casino scheme to a confidential source. (Enterprise Letter at 12.) He is further accused of threatening one of Shulaya's debtors on September 1, 2016, after which the debtor provided a confidential source with over $1,000; the confidential source then gave to Khurtsidze, who was to deliver it to Shulaya. (Id. at 8.)

Moreover, read as a whole, the S9 Indictment sets forth a set of integrated schemes and conspiracies in which Shulaya and Khurtsidze both participated.

While it is certainly true that, as alleged, only Shulaya is involved in certain specific

conduct, it is nevertheless the case that there is a great deal of evidentiary overlap

and that the umbrella allegations are for conspiracies. That weighs heavily against

severance.

## II.    LEGAL PRINCIPLES

Rule 8(a) of the Federal Rules of Criminal Procedure states that joinder of

two or more defendants may be appropriate if "they have participated in the same

act or transaction, or the same series of acts or transactions, constituting an offense

or offenses." Fed. R. Crim. P. 8(b). "[J]oint trials serve the public interest in

economy, convenience, and the prompt trial of the accused." United States v.

Turoff, 853 F.2d 1037, 1039 (2d Cir. 1988).

Furthermore, alleged co-conspirators are often tried together to demonstrate

the very existence of the alleged conspiracy. See United States v. Rittweger, 524

F.3d 171, 177 (2d Cir. 2008). An indictment that alleges a common scheme and

related set of conspiracies and actions as among and between all of the defendants

as to the majority of the conduct supports a joint trial of all defendants. Id. ("We

have interpreted the 'same series of acts or transactions' language of Rule 8(b) to

mean that joinder is proper where two or more persons' criminal acts are unified by

some substantial identity of facts or participants, or arise out of a common plan or

scheme." (internal quotations omitted)). In the Second Circuit the presumption in

favor of a joint trial is very strong; the "principles that guide the district court's

consideration of a motion for severance usually counsel denial." United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993).

Severance of defendants is warranted only if there is a "is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence" of one of the defendants. Zafiro v. United States, 506 U.S. 534, 539 (1993). To support severance, a defendant must be able to show that he would be denied a fair trial in the absence of severance. United States v. Casamento, 887 F.2d 1141, 1149 (2d Cir. 1989). The law is clear that even a better chance of acquittal with a separate trial is not itself sufficient to support severance. Zafiro, 506 U.S. at 540. The facts that the defendants may have different levels of culpability and there may be differing proof presented as to each of them does not change this result. United States v. Carson, 702 F.2d 351, 366-67 (2d Cir. 1983); see also United States v. Torres, 901 F.2d 205, 230 (2d Cir. 1990); United States v. Rucker, 586 F.2d 899, 902 (2d Cir. 1978).

"[T]he fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." United States v. Rittweger, 524 F.3d 171, 179 (2d Cir. 2008) (quoting United States v. Carson, 702 F.2d 351, 367 (2d Cir. 1983)). Even where there is a "disparity of proof prejudice, . . . joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." United States v. Locascio, 6 F.3d 924,

947 (2d Cir. 1993) (affirming the denial of Locascio's motion to sever his trial from that of John Gotti).

Rather than grant a motion for severance, a district court may cure risk of prejudice through "less drastic measures, such as limiting instructions." Zafiro, 506 U.S. at 539; see also Rittweger, 524 F.3d at 179 (affirming a denial of a severance motion where the district court gave limiting instructions throughout the trial explaining when evidence could not be considered against a particular defendant, and the jury charge carefully explained that the jurors must consider the case against each defendant separately); United States v. Feyrer, 333 F.3d 110, 115 (2d Cir. 2003) (affirming the district court's ruling that, to the extent that any prejudice arose from a joint trial, it could be cured by the careful presentation of evidence by competent counsel and by a specific charge reminding the jury that one defendant was accused of one scheme and the other of a different scheme, specifying that separate consideration was to be given to each count against each defendant); United States v. Hernandez, 85 F.3d 1023, 1029-30 (2d Cir. 1996) (rejecting a claim of spillover where the district court instructed the jury that it was required to consider the evidence against each defendant individually for each count).

III. DISCUSSION

In support of the instant motion, Khurtsidze contends that (1) he will face substantial spillover prejudice from being tried with Shulaya, and (2) Shulaya's actions during trial may lead to additional prejudice. Both arguments are without merit.

A. <u>Spillover Prejudice</u>

Khurtsidze argues that a joint trial with Shulaya will result in prejudicial spillover. However, his brief does not present the full scope of the conspiratorial and other conduct with which he has been charged. As set forth above, there is substantial overlap between the specific acts with which Khurtsidze is charged and those with which Shulaya is charged. There are also references to communications between Shulaya and Khurtsidze relating to alleged illegal conduct. While the defendants may well have different levels of culpability, that does not, on its own, support severance. <u>See</u> <u>United States v. Panza</u>, 750 F.2d 1141, 1149 (2d Cir. 1984) ("It is almost inevitable that in an unlawful scheme or conspiracy involving several defendants some will be shown to have been more culpable than others."). Even if Shulaya is more culpable than Khurtsidze, this would not support severance, as there is no need for Khurtsidze to have participated in "every detail" of the conspiracy in order for joinder to be proper. <u>United States v. Stirling</u>, 571 F.2d 708, 733 (2d Cir. 1978).

Moreover, the critical point is that the Government is not alleging discrete, individual acts of wrongdoing—rather it alleges joint conspiratorial behavior. The Government has detailed a number of incidents allegedly involving both defendants; even when Shulaya was not physically present at a particular incident, the Government intends to prove that Khurtsidze was acting on Shulaya's behalf to support the Shulaya Enterprise. The S9 Indictment alleges a common scheme and

related set of conspiracies and actions as among and between Shulaya and Khurtsidze and thus supports a joint trial. See Rittweger, 524 F.3d at 177.

This Court is not asking that jurors do mental gymnastics beyond their capabilities, but rather to do that which is done routinely in conspiracy cases in which one defendant is engaged in more or different activities than the other. However, while the severance motion is denied, the Court will consider limiting instruction at the appropriate time(s). If the defendant seeks a limiting instruction, he must specifically identify when he wants one and why, and he must propose language.

### B. Shulaya's Potential Conduct at Trial

Khurtsidze also argues that based on Shulaya's conduct in court thus far, the "Court should have legitimate concerns that Mr. Shulaya will make every attempt to impede and disrupt the trial in an attempt to distract the jury from the mountain of evidence that he will certainly face." (Mem. Supp. at 8.) Thus, he contends, the jury will be unable to focus on the law and the evidence "unimpeded by prejudicial disruptions [from] his codefendant." (Id.) He further asserts that Shulaya may exercise his right to testify, and that the style and content of that testimony may prejudice Khurtsidze. (Id.)

While Shulaya has addressed the Court and made false statements on multiple occasions, (see generally ECF No. 677), Khurtsidze's concerns regarding potential outbursts trial are speculative. Shulaya has not interrupted the Court or his lawyers and has asked permission before speaking. The Court will not hesitate

to maintain decorum during trial, as it has done during each hearing. Additionally, Shulaya's possible decision to testify does not support severance—there is no indication that his testimony would unduly prejudice Khurtsidze. Khurtsidze does not argue that he and Shulaya have antagonistic defense strategies and that as a result, a joint trial would present a substantial risk of prejudice.[2] The Court notes that Shulaya and Khurtsidze have filed joint motions in limine and that thus far, their defenses seem to be compatible.

Accordingly, Shulaya's behavior thus far and possible decision to testify does not support severance.

IV.    CONCLUSION

For the foregoing reasons, Khurtsidze's motion for severance is DENIED. The Clerk of Court is directed to close the open motion at ECF No. 698.

SO ORDERED.

Dated:        New York, New York
              May 7, 2018

_____
KATHERINE B. FORREST
United States District Judge

---

[2] In his reply memorandum, Khurtsidze claims that the admission of Shulaya's inculpating statements would violate the Confrontation Clause and may be hearsay. (ECF No. 745 ("Reply Mem.") at 1-2.) If the Government seeks to introduce these at trial, the Court will of course apply the Federal Rules of Evidence and any applicable constitutional law accordingly. The possibility that the Government may seek to introduce evidence that may violate the Confrontation Clause is not a reason for severance—the Court will simply exclude the evidence if it is in fact problematic as a matter of law.